UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ARTHUR FIRSTENBERG,

 Plaintiff,

vs.            11-CV-08 JAP/WDS

CITY OF SANTA FE, NEW MEXICO and
AT&T MOBILITY SERVICES, LLC.

 Defendants.

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR ENTRY OF DEFAULT

On February 2, 2011, Arthur Firstenberg (Plaintiff) filed his Request For Entry Of

Default (Doc. No. 17) (Request) with an attached affidavit.[1] On February 16, 2011, Defendant

City of Santa Fe (City) filed its Response To Request For Entry Of Default By Respondent City

of Santa Fe (Doc. No. 23) (Response). Because the City filed a motion to dismiss prior to the

filing of Plaintiff's Request, the Court will deny the Request.

I.  Background

On December 15, 2010, Plaintiff filed in state court a Petition For Writ Of Mandamus

under NMSA 1978, § 44-2-1 et seq. (2000) seeking a writ of mandamus requiring the City (1) to

enforce its Land Development Code (LDC) and (2) to require AT&T Mobility Services LLC

(AT&T) to  submit an application to the City for a special exception under the LDC for each

base station from which AT&T broadcasts 3G telecommunications signals.

---

[1] The affidavit states, "[t]he Second Amended Petition for Writ of Mandamus was served
on Defendant City of Santa Fe on December 29, 2010." (Doc. No. 17 at p. 2.)

On December 16, 2010, Plaintiff filed in state court his First Amended Petition For Writ

Of Mandamus (First Amended Petition). In the First Amended Petition, Plaintiff has alleged that

he is a homeowner residing in the City of Santa Fe who suffers from electromagnetic

hypersensitivity to radio frequency radiation emitted from cell phones, cell towers, and other

sources. (First Amended Petition ¶ 1.) Plaintiff has alleged that he is a qualified individual with a

disability under the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12102 et seq. (*Id.* at ¶

2.)  Plaintiff asked the state court to issue a writ of mandamus ordering the City to fulfill its

obligations under the ADA and to "take jurisdiction over the intensity of radio frequency

radiation from permitted facilities." (*Id.* at ¶ 22.) Plaintiff also asked the state court to issue a

writ of mandamus requiring the City to enforce the requirements of its LDC and "to commence

enforcement proceedings under its [LDC] by giving notice to AT&T that it must discontinue 3G

broadcasts within the City of Santa Fe within 30 days, and that it must submit an application for

a Special Exception for each base station from which it proposes to broadcast such signals." (*Id.*

at ¶¶ 22-26.)

On December 22, 2010, Judge Sarah M. Singleton of the First Judicial District Court

Santa Fe County, New Mexico issued an Alternative Writ of Mandamus (Writ). In the Writ,

Judge Singleton ordered the City to do the following:

> . . . commence enforcement proceedings, as provided in §§ 14-11.5(a) and 14-6.2(E)(11)
> of its Land Development Code, by giving notice to AT&T that it must discontinue its 3G
> broadcasts within the City of Santa Fe within 30 days, and that it must submit an
> application for a Special Exception for each base station from which it proposes to
> broadcast such signals, or that it show cause before this court at the courtroom #250 at
> First Judicial District Court, 100 Catron Street, on the 3rd day of January 2011 at 3:30 pm
> why it has not done so.

(*Id.* ¶ 10.)

In the Writ, Judge Singleton also ordered that "true copies of the Petition and this Writ be

served upon Respondents in the same manner as a summons in a civil action." (*Id.*) In its Notice

of Removal, AT&T attached as Exhibit A copies of all documents that were served upon it. One

of those documents was the Writ. However, there is no certificate of service indicating that the

City was served with the Writ.

On December 28, 2010 after the Writ was issued, Plaintiff filed a second Motion To

Amend Petition For Writ Of Mandamus, a Second Amended Petition for Writ Of Mandamus, an

Order, and a Certificate of Service, all of which are attached to the Notice of Removal. (*See* Doc.

No. 1-1 at pp. 29-42.) The Second Amended Petition asked the court for leave to "change the

identity of one of the respondents from AT&T, Inc. to AT&T Mobility Services LLC . . . a

wholly owned subsidiary of AT&T, Inc. that provides wireless services in the State of New

Mexico."  (*Id.* at p. 39.)  In the Certificate of Service, Plaintiff indicates that on December 28,

2010, Plaintiff hand delivered the pleadings to the City Attorney and to AT&T. (*Id.* at p. 41.)

There is no indication in this record that the City filed a response to the Alternative Writ

of Mandamus or that the City appeared in the First Judicial District Court on January 3, 2011 as

required by the Writ.

On January 5, 2011, Defendant AT&T, with the City's consent, removed the case to this

Court asserting that Plaintiff's claims "raise federal questions for which this Court has original

subject matter jurisdiction." (*Id.* 1.) *See* 28 U.S.C. §§ 1331 (federal question jurisdiction),

1441(b) (removal), and 1446 (procedure for removal).

II. Discussion

Although the Court construes a *pro se* party's pleadings liberally, *pro se* parties must follow the same rules of procedure that govern other litigants. *Garrett v. Selby Conner Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *Howard v. United States Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

Federal Rule 55 provides,

> (a) **Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).  Default judgments are disfavored, and the "preferred disposition of any case is upon the merits. . ." *Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir. 1970). Moreover, this Court is vested with broad discretion to decide whether to order an entry of default. *Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987).

In the Request, Plaintiff asserts that he is entitled to an entry of default because the City has failed to plead or otherwise defend within the time required under Fed. R. Civ. P. 12(a)(1)(A)(i), which is "21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). The City counters that when Plaintiff filed his Request on February 2, 2011, the City had already filed its Motion To Dismiss on January 31, 2011. According to the City, Plaintiff cannot show that the City "failed to plead or otherwise defend" within the meaning of Rule 55 at the time Plaintiff's Request was filed. The Court agrees. The City's Motion To Dismiss, filed two days prior to the Request, supports denial of the entry of default. *See Clarendon National Insurance Co. v. Shuttlejack Equipment Leasing, LLC,* No. 99-CV-1218 LH/DHS, Memorandum Opinion and Order (Doc. No. 119) (finding that defendant attorney's entry of appearance and untimely answer prior to clerk's entry of default mooted the application

because defendant had not "failed to appear or otherwise defend" under Rule 55).

IT IS ORDERED that because the City has not "failed to plead or otherwise defend,"

Plaintiff Arthur Firstenberg's Request  For Entry Of Default (Doc. No. 17) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE