UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ARTHUR FIRSTENBERG,

    Plaintiff,

vs.                                                  11-CV-08 JAP/WDS

**CITY OF SANTA FE, NEW MEXICO and**
**AT&T MOBILITY SERVICES, LLC.**

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO IMPOSE SANCTIONS (Doc. No. 33)**

On March 15, 2011, Plaintiff filed Plaintiff's Motion To Impose Sanctions On the City of Santa Fe For Violations of Rule 11(b) (Doc. No. 33) (Motion for Sanctions). On March 28, 2011, the City filed City's Response To Petitioner's First Motion To Impose Sanctions For Violations Of Rule 11(b) And Request For Affirmative Relief Through Monetary Sanctions Against Petitioner (Doc. No. 36) (Response to First Motion for Sanctions). On April 6, 2011, Plaintiff filed Plaintiff's Reply In Support Of Motion To Impose Sanctions And Response To City Of Santa Fe's Cross-Motion For Sanctions Under Rule 11(b) (Doc. No. 40) (Plaintiff's Reply on First Motion for Sanctions).

In his Motion for Sanctions Plaintiff asserts that the City's Motion To Dismiss By Respondent City of Santa Fe (Doc. No. 16) (Motion to Dismiss) contains several factual allegations that directly contradict the factual allegations in the Petition. For example, the City's Motion to Dismiss states that AT&T Mobility Services, LLC (AT&T) was granted permission

1

by the City's Board of Adjustment (Board)[1] to broadcast 3G signals from its base stations. (Mot. at 1.) However, the Petition clearly alleges that on November 15, 2010, AT&T publically announced that beginning at 5:00 a.m. that day it was broadcasting "3G" signals from its existing base stations and that AT&T did so without seeking permission from the Board. AT&T admitted this allegation in AT&T's Motion to Dismiss but argued that it did not need to seek permission from the City to broadcast 3G signals. (Doc. No. 11 at 5.) Plaintiff argues that the City violated Rule 11(b) by making false representations to the Court and asks the Court to impose sanctions if the City fails to withdraw the Motion to Dismiss within 21 days of service of the Motion For Sanctions.

Also in his Motion For Sanctions, Plaintiff asserts that the City's Motion to Dismiss contains several legal contentions that are not warranted by existing law. For example, Plaintiff asserts that in the City's Motion to Dismiss, the City contended that Plaintiff has an adequate remedy at law for the claims stated in the Petition, but the LDC provides that a decision not to take enforcement action is not appealable. LDC § 14-3.17(A)(1). Plaintiff has asked the Court to issue a writ of mandamus requiring the City to take the enforcement action that is expressly not appealable under the LDC.

Federal Rule of Civil Procedure 11(b) provides,

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>     . . .

---

[1] The Board is authorized to enforce the City's Land Development Code (LDC) including granting or denying Special Exceptions to parties seeking to build structures in the City of Santa Fe. The LDC may be accessed at http://clerkshq.com/default.ashx?clientsite=Santafe-nm.

> (2) **the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law**;
>
> (3) the **factual contentions have evidentiary support** or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the **denials of factual contentions are warranted on the evidence** or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b) (emphasis added).

The Court recognizes that in its Motion to Dismiss, the City has made some factual assertions that seem to be based on an incorrect interpretation of events that form the basis of Plaintiff's Petition. Apparently, the City has confused two separate events referred to in Plaintiff's Petition: 1) an action by the Board on November 17, 2010 with regard to an upgrade of two of AT&T's base stations; and 2) AT&T's transmission of 3G signals from its base stations beginning on November 15, 2010. The Petition asks for mandamus relief in connection with only the latter event. Moreover, these factual assertions appear to form the basis for some of the City's legal arguments in its Motion to Dismiss, especially the arguments that Plaintiff has an adequate remedy at law and that Plaintiff has failed to exhaust his administrative remedies. (Doc. No. 16 at 3-6.) The City's contentions appear to be based on the incorrect assumption that Plaintiff's participation in a hearing on November 17, 2010, which involved an appeal of antenna upgrades related to two of AT&T's base stations, is the subject of Plaintiff's Petition. (Pet. ¶ 12.) However, Plaintiff's Petition is based on the actions by AT&T on November 15, 2010 when AT&T began transmitting 3G signals from ten existing base stations without applying for a Special Exception for those transmissions. Thus, the factual assertions in the City's Motion to Dismiss and the legal arguments based on those incorrect factual assertions are not persuasive

and are not helpful to the Court's decision on the Motion to Dismiss.

Sanctions against the City, however, are unwarranted. The arguments asserted in Plaintiff's Motion for Sanctions are the types of arguments that support Plaintiff's Response to the Motion (Doc. No. 21), and the Court will consider them in its ruling on the City's Motion to Dismiss.

In addition, Plaintiff has failed to comply with Rule 11(c)(2) requiring a party to serve a motion for sanctions under Rule 5, but providing that the motion for sanction, ". . . must not be filed or be presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days." Fed. R. Civ. P. 11(c)(2). Parties asserting motions for sanctions must serve their motions, wait 21 days, and if the party against whom the motion is asserted withdraws the offending pleading or document, then the motion for sanctions must not be filed. *Id.* Plaintiff filed a certificate of service stating that he mailed copies of the Motion for Sanctions to the City's attorney of record on March 11, 2011. (Certificate of Service, Doc. No. 35.) Under Rule 5(b)(2)(C), the date of service is March 11, 2011. Fed. R. Civ. P. 5(b)(2)(C) (date of mailing). However, Plaintiff filed the Motion for Sanctions on March 15, 2011, which is less than 21 days from the date of service. This is another reason why the Court will deny the First Motion for Sanctions. *Fincher v. Gorilla Plus Tool, LLC*, No. CIV-07-1317-L, 2008 WL 2048903, *2 (W.D. Okla. May 12, 2008) (unreported) (denying motion for sanctions under Rule 11 because party failed to serve motion for sanctions 21 days before filing the motion).

In its Response to the Motion for Sanctions, the City has asked the Court to impose monetary sanctions on Plaintiff. However, the City has also failed to follow the requirements of Rule 11(c)(2), which requires a party to file a separate motion for sanctions and to serve the

motion, wait 21 days, and then file the motion if the offending document is not withdrawn. Fed. R. Civ. P. 11(c)(2) (requiring separate motion for sanctions and 21 day grace period). The City filed and served Plaintiff with the Response to Motion for Sanctions, in which the City requested sanctions against Plaintiff, on March 28, 2011. Thus, the Court will deny the City's request for sanctions. *Crawford v. Plumm*, No. 03-2155-DJW, 2003 WL 22849183, *4 (D. Kan. Nov. 24, 2003) (unpublished) (denying motion for sanctions for failure to serve under Rule 11(c)(2)).

IT IS ORDERED that the Plaintiff's Motion To Impose Sanctions On the City of Santa Fe For Violations of Rule 11(b) (Doc. No. 33) is denied.

FURTHER ORDERED that the request for sanctions in the City's Response To Petitioner's First Motion To Impose Sanctions For Violations Of Rule 11(b) And Request For Affirmative Relief Through Monetary Sanctions Against Petitioner (Doc. No. 36) is denied.

*/s/ James A. Parker*
SENIOR UNITED STATES DISTRICT COURT